Christopher L. Hering #028169
Ivan Gonzalez #033451
**GAMMAGE & BURNHAM, P.L.C.**
40 North Central Avenue
20th Floor
Phoenix, AZ 85004
T: 602.256.0566
F: 602.256.4475
chering@gblaw.com
igonzalez@gblaw.com
docket@gblaw.com
*Attorneys for Defendant*
*Elizabeth Stavola*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Arvin Saloum, an individual<br><br>Plaintiff,<br><br>vs.<br><br>Elizabeth Stavola, an individual.<br><br>Defendant. | Case No. 2:23-CV-02048-ESW<br><br>**ANSWER** |

Defendant Elizabeth Stavola hereby answers the complaint filed by Arvin Saloum ("Plaintiff") by admitting, denying, and affirmatively alleging the following:

**<u>Parties, Jurisdiction and Venue</u>**

1. Stavola admits the allegations in Paragraph 1 upon information and belief.

2. Stavola admits the allegations in Paragraph 2.

3. For Paragraph 3, Stavola admits that the events in the complaint occurred in Maricopa County, AZ, but denies Plaintiff's characterization of Stavola's actions as "misconduct."

4. Stavola admits the allegations in Paragraph 4.

5. Stavola admits the allegations in Paragraph 5.

**<u>Factual Basis</u>**

6. Stavola reaffirms her responses to all previous paragraphs of the complaint as though fully set out herein.

**The Joint Venture Agreement**

7. Stavola admits the allegations in Paragraph 7.

8. For Paragraph 8, Stavola lacks sufficient knowledge or information to respond to the allegation that Plaintiff was a Principal Officer and Board Member of HCWC "at all relevant times" and therefore denies the same.

9. Stavola admits the allegations in Paragraph 9.

10. Stavola admits the allegations in Paragraph 10.

11. Stavola admits the allegations in Paragraph 11.

12. Stavola admits the allegations in Paragraph 12.

13. For Paragraph 13, Stavola admits that the management rights and beneficial control of HCWC originally emanated from the JV Agreement, but that the board membership of HCWC evolved over time.

14. Stavola admits the allegations in Paragraph 14.

15. For Paragraph 15, Stavola denies that the JV Agreement obligated ECO to operate a cultivation facility and admits that the JV Agreement obligated ECO to operate a dispensary, subject to AZDHS rules governing dispensaries. Stavola admits all other allegations in Paragraph 15.

**The PerkAZ Transaction**

16. Stavola admits the allegations in Paragraph 16.

17. Stavola admits the allegations in Paragraph 17.

**The 2015 Litigation**

18. Stavola admits the allegations in Paragraph 18.

19. Stavola admits the allegations in Paragraph 19.

20. Stavola admits the allegations in Paragraph 20.

21. Stavola admits the allegations in Paragraph 21.

22. Stavola admits the allegations in Paragraph 22.

23. Stavola denies the allegations in Paragraph 23.

24. Stavola admits the allegations in Paragraph 24.

25. Stavola admits the allegations in Paragraph 25.

26. Stavola admits the allegations in Paragraph 26.

27. Stavola denies the allegations in Paragraph 27.

28. Stavola denies the allegations in Paragraph 28.

29. Stavola denies the allegations in Paragraph 29.

30. Stavola denies the allegations in Paragraph 30.

31. Stavola denies the allegations in Paragraph 31.

32. Stavola denies the allegations in Paragraph 32.

33. Stavola denies the allegations in Paragraph 33.

34. Stavola denies the allegations in Paragraph 34.

35. Stavola admits the allegations in Paragraph 35.

36. For Paragraph 36, Stavola admits that no notice of termination or opportunity to cure was provided to Plaintiff up to July 2020. Stavola affirmatively alleges that she severed her relationship with HCWC and its parent entity, iAnthus Arizona LLC, in July 2020, and thus lacks sufficient information or knowledge to answer the allegations in Paragraph 36 for the period after July 2020. Stavola denies that any JV Fees would have been owed to Plaintiff in 2017 because HCWC was not operational at that point.

37. Stavola admits the allegations in Paragraph 37.

38. For Paragraph 38, Stavola admits that HCWC was not operational on April 28, 2017, and that Plaintiff was not entitled to any JV Fees as of that date, but denies all other allegations.

**The MPX Transaction**

39. Stavola admits the allegations in Paragraph 39.

///

**The 2018 Arbitration**

40. Stavola denies the allegations in Paragraph 40.

41. For Paragraph 41, Stavola admits that Plaintiff has correctly quoted her deposition transcript but denies all other allegations.

42. Stavola admits the allegations in Paragraph 42.

43. Stavola admits the allegations in Paragraph 43.

44. Stavola lacks sufficient information or knowledge to answer the allegations in Paragraph 44 and therefore denies the same.

45. Stavola admits the allegations in Paragraph 45.

46. Stavola admits the allegations in Paragraph 46.

47. Stavola admits the allegations in Paragraph 47.

48. For Paragraph 48, Stavola admits that the arbitration award concluded that the JV Agreement contemplated the operation of a grow facility, but denies all other allegations in the paragraph.

49. Stavola admits the allegations in Paragraph 49.

**The iAnthus-MPX Transaction**

50. Stavola lacks sufficient information or knowledge to answer the allegations in Paragraph 50 and therefore denies the same.

51. Stavola lacks sufficient information or knowledge to answer the allegations in Paragraph 51 and therefore denies the same.

52. Stavola admits the allegations in Paragraph 52.

53. Stavola admits the allegations in Paragraph 53.

54. Stavola admits the allegations in Paragraph 54.

55. For Paragraph 55, Stavola admits she never discussed the iAnthus transaction with Plaintiff, but lacks sufficient information or knowledge as to whether Plaintiff otherwise learned of the transaction and therefore denies the allegations in Paragraph 55 to that extent.

56. Stavola denies the allegations in Paragraph 56.

57. Stavola admits the allegations in Paragraph 57.

58. For Paragraph 58, Plaintiff is purportedly quoting from a document that is not attached to the complaint and that Stavola does not have in her possession. Accordingly, Stavola lacks sufficient information or knowledge to answer the allegations in Paragraph 58 and denies the same.

59. For Paragraph 59, Stavola admits that HCWC was in its early stages of operations in early 2019, but denies all other allegations.

60. Stavola lacks sufficient information or knowledge to answer the allegations in Paragraph 60 and therefore denies the same.

61. Stavola denies the allegations in Paragraph 61.

62. Stavola denies the allegations in Paragraph 62.

63. Stavola admits the allegations in Paragraph 63.

64. Stavola admits the allegations in Paragraph 64.

65. Stavola admits the allegations in Paragraph 65.

66. Stavola denies the allegations in Paragraph 66.

67. Stavola denies the allegations in Paragraph 67.

68. Stavola denies the allegations in Paragraph 68.

69. Stavola denies the allegations in Paragraph 69.

**The payments made to Saloum**

70. Stavola admits the allegations in Paragraph 70.

71. Stavola lacks sufficient information or knowledge to answer the allegations in Paragraph 71 and therefore denies the same.

72. For Paragraph 72, Stavola affirmatively alleges that she severed her relationship with HCWC and its parent entity, iAnthus Arizona LLC, in July 2020. She therefore lacks sufficient information or knowledge to answer the allegations in Paragraph 72 and denies the same.

73. For Paragraph 73, Stavola affirmatively alleges that she severed her relationship with HCWC and its parent entity, iAnthus Arizona LLC, in July 2020. She

therefore lacks sufficient information or knowledge to answer the allegations in Paragraph 73 and denies the same.

74. For Paragraph 74, Stavola affirmatively alleges that she severed her relationship with HCWC and its parent entity, iAnthus Arizona LLC, in July 2020. She therefore lacks sufficient information or knowledge to answer the allegations in Paragraph 74 and denies the same.

75. Stavola denies the allegations in Paragraph 75.

76. Stavola denies the allegations in Paragraph 76.

77. For Paragraph 77, Stavola admits that HCWC first began operations in 2018 but denies all other allegations in Paragraph 77.

78. Stavola denies the allegations in Paragraph 78.

79. Stavola denies the allegations in Paragraph 79.

**Count 1**

**Tortious Interference with Contract and/or Business Expectancies**

80. Stavola reaffirms her responses to all previous paragraphs of the complaint as though fully set out herein.

81. For Paragraph 81, Stavola admits that Plaintiff had a valid contract in the form of the JV Agreement, but denies all other allegations in Paragraph 81.

82. For Paragraph 82, Stavola admits that she knew Plaintiff had a valid contract in the form of the JV Agreement, but denies all other allegations in Paragraph 82.

83. Stavola denies the allegations in Paragraph 83.

84. Stavola denies the allegations in Paragraph 84.

85. Stavola denies the allegations in Paragraph 85.

86. Stavola denies the allegations in Paragraph 86.

87. Stavola denies the allegations in Paragraph 87.

88. Stavola denies the allegations in Paragraph 88.

89. Stavola denies the allegations in Paragraph 89.

90. Stavola denies the allegations in Paragraph 90.

91. Stavola denies the allegations in Paragraph 91.

92. Stavola denies the allegations in Paragraph 92.

93. Stavola denies the allegations in Paragraph 93.

94. Stavola denies the allegations in Paragraph 94.

95. Stavola denies the allegations in Paragraph 95.

**Count 2**

**Fraud**

96. Stavola reaffirms her responses to all previous paragraphs of the complaint as though fully set out herein.

97. For Paragraph 97, Stavola admits that a fraud claim has nine elements, but denies she committed any fraud.

98. Stavola denies the allegations in Paragraph 98.

99. Stavola denies the allegations in Paragraph 99.

100. Stavola denies the allegations in Paragraph 100.

101. Stavola denies the allegations in Paragraph 101.

102. Stavola denies the allegations in Paragraph 102.

103. Stavola denies the allegations in Paragraph 103.

104. Stavola denies the allegations in Paragraph 104.

105. Stavola denies the allegations in Paragraph 105.

106. Stavola denies the allegations in Paragraph 106.

107. Stavola denies the allegations in Paragraph 107.

108. Stavola denies the allegations in Paragraph 108.

109. Stavola denies the allegations in Paragraph 109.

110. Stavola denies the allegations in Paragraph 110.

111. Stavola denies the allegations in Paragraph 111.

112. Stavola denies the allegations in Paragraph 112.

///

**Count 3**

**<u>Constructive Fraud</u>**

113. Stavola reaffirms her responses to all previous paragraphs of the complaint as though fully set out herein.

114. Stavola denies the allegations in Paragraph 114.

115. Stavola denies the allegations in Paragraph 115.

116. Stavola denies the allegations in Paragraph 116.

117. Stavola denies the allegations in Paragraph 117.

118. Stavola denies the allegations in Paragraph 118.

119. For Paragraph 119, Stavola admits that she was a board member of HCWC up to July 2020, when she severed her relationship with HCWC and its parent, iAnthus Arizona LLC. As to Plaintiff, Stavola lacks sufficient knowledge or information to respond to the allegation that Plaintiff was a board member of HCWC "at relevant times" and therefore denies the same.

120. Stavola denies the allegations in Paragraph 120.

121. For Paragraph 121, Stavola admits that a fraud claim has nine elements, but denies she committed any fraud.

122. Stavola denies the allegations in Paragraph 122.

123. Stavola denies the allegations in Paragraph 123.

124. Stavola denies the allegations in Paragraph 124.

125. Stavola denies the allegations in Paragraph 125.

126. Stavola denies the allegations in Paragraph 126.

127. Stavola denies the allegations in Paragraph 127.

128. Stavola denies the allegations in Paragraph 128.

129. Stavola denies the allegations in Paragraph 129.

130. Stavola denies the allegations in Paragraph 130.

131. Stavola denies the allegations in Paragraph 131.

132. Stavola denies the allegations in Paragraph 132.

133. Stavola denies the allegations in Paragraph 133.

134. Stavola denies the allegations in Paragraph 134.

135. Stavola denies the allegations in Paragraph 135.

136. Stavola denies the allegations in Paragraph 136.

**Count 4**

**Unjust Enrichment**

137. Stavola reaffirms her responses to all previous paragraphs of the complaint as though fully set out herein.

138. Stavola admits the allegations in Paragraph 138.

139. For Paragraph 139, Stavola admits she benefitted from acquiring the management rights and beneficial control of HCWC and that she sold those rights to iAnthus. Stavola affirmatively alleges, however, that the MPX-iAnthus transaction involved a portfolio of assets, not just HCWC, and that the transaction was valued based on the entirety of that portfolio.

140. Stavola denies the allegations in Paragraph 140.

141. Stavola denies the allegations in Paragraph 141.

142. Stavola denies the allegations in Paragraph 142.

143. Stavola denies the allegations in Paragraph 143.

144. Stavola denies the allegations in Paragraph 144.

145. Stavola denies the allegations in Paragraph 145.

146. Stavola denies the allegations in Paragraph 146.

**General Denials and Affirmative Defenses**

147. Stavola denies any and all allegations of the complaint not specifically admitted in this Answer.

148. Stavola denies every prayer for relief in the complaint, including every allegation contained therein.

149. Stavola affirmatively alleges that Plaintiff has failed to state a claim upon which the Court can grant relief.

150. The claims for relief set forth in the complaint are, or may be, barred by various affirmative defenses, including but not limited to estoppel, failure to mitigate or monitor assets, accord and satisfaction, settlement and compromise, payment, release, failure of consideration, unclean hands, mistake, waiver, failure to state a claim, and others listed in Rules 8(c) and 12(b) or that exist under underlying Arizona law.

151. The claims for relief are, or may be, time barred by the statute of limitations.

152. The claims for relief are, or may be, barred by the doctrine of laches.

153. Plaintiff's injuries and damages, if any, were caused in whole or in part by Plaintiff itself and/or third parties who are not under Stavola's control. Thus, Plaintiff's damages must be reduced or denied accordingly.

154. Plaintiff's injuries and damages, if any, were caused by Plaintiff's failure to mitigate its alleged injuries and damages.

155. Plaintiff is not entitled to pre or post-judgment interest.

156. Plaintiff is not entitled to its litigation costs or attorneys' fees.

157. Stavola reserves the right to amend her answer to plead such matters and additional defenses as discovery shows applicable.

158. Stavola affirmatively alleges she is entitled to recover its costs and attorneys' fees pursuant to, *inter alia*, A.R.S. §§ 12-341, 12-341.01, or as otherwise permitted by law.

**Prayer for Relief**

WHEREFORE, having fully answered, Defendant Elizabeth Stavola prays for the following relief with respect to Plaintiff Arvin Saloum's complaint:

A. An order dismissing all claims presented in the complaint, with prejudice and with Plaintiff taking nothing thereby;

B. An award of attorneys' fees, court costs, and expenses; and

C. Additional relief as the Court deems appropriate.

DATED this 1st day of December, 2023.

**GAMMAGE & BURNHAM, P.L.C.**

By: *s/ Christopher L. Hering*

Christopher L. Hering
Ivan Gonzalez
40 North Central Avenue
20th Floor
Phoenix, AZ 85004
*Attorneys for Defendant Elizabeth Stavola*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 1, 2023, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing. In addition, a Copy will be sent via e-mail and first-class mail to:

Justin M. Brandt
Allan Bach
Bianchi & Brandt
6730 N. Scottsdale Road, Suite 100
Scottsdale, AZ 85253
justin@bianchibrandt.com
allan@bianchibrandt.com
docket@bianchibrandt.com
*Attorneys for Arvin Saloum*

By: */s/ Nina Camou*